## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | |
|---|---|
| HARRISON COUNTY BOARD OF COMMISSIONERS, | ) ) ) |
| Plaintiff, | ) ) Case No. 2:18-cv-00359 |
| v. | ) ) Action Filed: March 20, 2018 |
| | ) Action Served: March 23, 2018 |
| PURDUE PHARMA L.P.; PURDUE PHARMA INC.; THE PURDUE FREDERICK COMPANY, INC.; TEVA PHARMACEUTICALS USA, INC.; CEPHALON, INC.; JOHNSON & JOHNSON; JANSSEN PHARMACEUTICALS, INC.; ORTHO-MCNEIL-JANSSEN PHARMACEUTICALS, INC. N/K/A JANSSEN PHARMACEUTICALS, INC.; JANSSEN PHARMACEUTICA, INC. N/K/A JANSSEN PHARMACEUTICALS, INC.; ENDO PHARMACEUTICALS INC.; ALLERGAN PLC F/K/A ACTAVIS PLC; ACTAVIS, INC. F/K/A WATSON PHARMACEUTICALS, INC.; WATSON LABORATORIES, INC.; ACTAVIS LLC; ACTAVIS PHARMA, INC. F/K/A WATSON PHARMA, INC.; ENDO HEALTH SOLUTIONS INC.; INSYS THERAPEUTICS, INC.; MALLINCKRODT LLC; MCKESSON CORPORATION; CARDINAL HEALTH, INC.; AMERISOURCEBERGEN DRUG CORPORATION; MIAMI-LUKEN, INC.; RUSSELL PORTENOY; PERRY FINE; SCOTT FISHMAN; and LYNN WEBSTER, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |
| Defendants. | ) ) ) ) |

## DEFENDANTS ENDO HEALTH SOLUTIONS INC. AND
## ENDO PHARMACEUTICALS INC.'S NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, defendants Endo Health Solutions Inc. and Endo Pharmaceuticals Inc. (collectively, "Endo") hereby give notice of removal of this action, captioned *Harrison County Board of Commissioners v. Purdue Pharma L.P. et al.*, bearing case number CVH-2018-0025, from the Court of Common Pleas for Harrison County, Ohio, to the United States District Court for the Southern District of Ohio.  Pursuant to 28 U.S.C. § 1446(a), Endo provides the following statement of the grounds for removal:

## INTRODUCTION

1.  This action is one of many virtually identical opioid-related lawsuits filed by the same group of plaintiff lawyers on behalf of Ohio municipalities and other local government entities in Ohio state court.  On December 5, 2017, the Judicial Panel on Multidistrict Litigation created a Multidistrict Litigation ("MDL") in the Northern District of Ohio for these actions, *i.e.*, cases in which "cities, counties and states . . . allege that . . . manufacturers of prescription opioid medications overstated the benefits and downplayed the risks of the use of their opioids and aggressively marketed (directly and through key opinion leaders) these drugs to physicians."  *In re Nat'l Prescription Opiate Litig.*, MDL No. 2804, Doc. 328 (Dec. 5, 2017 Transfer Order) (attached as **Exhibit 1**).  Over 550 actions have been transferred to the MDL, with more (including this action) surely to follow.  *Id.*, Doc. 1202 (Apr. 16, 2018 CTO-24).

2.  In each Ohio action filed by these plaintiff lawyers, the plaintiff municipality alleges that the same manufacturers, along with the same physicians, unlawfully promoted FDA-approved prescription opioid medications by misrepresenting their risks.  Each municipality also asserts separate claims against distributors of opioid products resting on materially distinct factual allegations—an alleged failure to report suspicious orders of opioid products to authorities.

3.     While the claims against the manufacturers and physicians are materially distinct from the claims against the distributors, there is a straightforward reason that these plaintiff lawyers continue to lump these disparate claims together:  to try to defeat diversity jurisdiction. None of the manufacturers or physicians are Ohio citizens, but some of the distributors are.

4.     Federal jurisdiction cannot be so easily evaded.  Where, as here, a plaintiff sues diverse defendants and tacks on distinct claims against one or more non-diverse defendants in an effort to destroy diversity, it is proper for courts to ignore the citizenship of the non-diverse defendants, sever them, and retain diversity jurisdiction over the diverse parties.

5.     Dozens of opioid-related actions naming similarly situated non-diverse defendants have been removed to federal court on the same grounds as this action and transferred to the MDL *prior to resolution of any remand motion*.  This includes at least 14 virtually identical actions filed by these same plaintiff lawyers in Ohio state courts.[1]

6.     As discussed below, there is federal diversity jurisdiction here as to all of the properly joined defendants.  And judicial economy would be furthered if all removal questions were addressed by the MDL court following the transfer of this case to the MDL.  *See City of*

---

[1] *See City of Parma v. Purdue Pharma L.P. et al.*, No. 1:17-cv-01872 (N.D. Ohio), Doc. 1 (Not. of Removal); *City of Lorain v. Purdue Pharma L.P. et al.*, No. 1:17-cv-01639 (N.D. Ohio), Doc. 1 (Not. of Removal); *County of Cuyahoga v. Purdue Pharma L.P. et al.*, No. 1:17-cv-02482 (N.D. Ohio), Doc. 1 (Not. of Removal); *City of Toledo v. Purdue Pharma L.P. et al.*, No. 3:17-cv-02516 (N.D. Ohio), Doc. 1 (Not. of Removal); *County of Lake v. Purdue Pharma L.P. et al.*, No. 1:18-cv-00089 (N.D. Ohio), Doc. 1 (Not. of Removal); *County of Ashtabula v. Purdue Pharma L.P. et al.*, No. 1:18-cv-0100 (N.D. Ohio), Doc. 1 (Not. of Removal); *County of Lorain v. Purdue Pharma L.P. et al.*, No. 1:18-cv-00145 (N.D. Ohio), Doc. 1 (Not. of Removal); *County of Trumbull v. Purdue Pharma L.P. et al.*, No. 4:18-cv-00147 (N.D. Ohio), Doc. 1 (Not. of Removal); *Sandusky Cty. Bd. of Comm'rs v. Purdue Pharma L.P. et al.*, No. 3:18-cv-00593 (N.D. Ohio), Doc. 1 (Not. of Removal); *County of Jefferson v. Purdue Pharma L.P. et al.*, No. 2:18-cv-37-EAS-EPD (S.D. Ohio), Doc. 1 (Not. of Removal); *City of Broadview Heights v. Purdue Pharma L.P. et al.*, No. 1:18-cv-00721 (N.D. Ohio), Doc. 1 (Not. of Removal); *City of Dayton v. Purdue Pharma L.P. et al.*, No. 3:17-cv-00229 (S.D. Ohio), Doc. 1 (Not. of Removal); *Richland Cty. Children's Servs. v. Purdue Pharma L.P. et al.*, No. 1:17-cv-02185 (N.D. Ohio), Doc. 1 (Not. of Removal); *Minute Men, Inc. et al. v. Purdue Pharma L.P. et al.*, No. 1:18-cv-00688 (N.D. Ohio), Doc. 1 (Not. of Removal).

*Dayton v. Purdue Pharma L.P. et al.*, No. 3:17-cv-00229-TMR (S.D. Ohio), Doc. 42 (Nov. 13, 2017 Order) (staying a virtually identical action filed by these same plaintiff lawyers, after they had filed a remand motion, "pending a final decision on the motion to transfer . . . before the Judicial Panel on Multidistrict Litigation.").[2]  No hardship would be imposed by having the MDL court consider any remand motion:  the lawyers who filed this action are members of the MDL Plaintiffs' Executive Committee.  *In re Nat'l Prescription Opiate Litig.*, No. 1:17-md-02804-DAP (N.D. Ohio), Doc. 34 (Jan. 3, 2018 Mot. to Approve Co-Leads, Co-Liaisons, & Executive Committee) at 17; *id.*, Doc. 37 (Jan. 4, 2018 Order).

## BACKGROUND

7.      On March 20, 2018, this lawsuit was filed in the Court of Common Pleas for Harrison County, Ohio, on behalf of Plaintiff, the Harrison County Board of Commissioners. As in prior cases brought by the same counsel, the Complaint (attached hereto, with process papers served upon Endo, as **Exhibit 2**) asserts claims against manufacturers of FDA-approved prescription opioid medications, four physicians, and distributors of opioid products, as follows:

a.      "Manufacturer Defendants" — Endo Health Solutions Inc.; Endo Pharmaceuticals Inc.; Purdue Pharma L.P.; Purdue Pharma Inc.; The Purdue Frederick Company Inc.; Teva Pharmaceuticals USA, Inc.; Cephalon, Inc.; Johnson & Johnson; Janssen Pharmaceuticals, Inc.; Ortho-McNeil-Janssen Pharmaceuticals, Inc. n/k/a Janssen Pharmaceuticals, Inc.; Janssen Pharmaceutica, Inc. n/k/a Janssen Pharmaceuticals, Inc.; Allergan plc f/k/a Actavis plc; Allergan Finance, LLC f/k/a Actavis, Inc. f/k/a Watson Pharmaceuticals, Inc.; Watson Laboratories, Inc.; Actavis LLC; Actavis Pharma, Inc. f/k/a Watson Pharma, Inc.; Insys Therapeutics, Inc.; and Mallinckrodt LLC.

---

[2] *See also County of Floyd v. Purdue Pharma L.P. et al.*, No. 7:17-cv-00186-GFVT (E.D. Ky.), Doc. 18 (Jan. 22, 2018 Order Granting Stay); *St. Bernard Parish Gov't v. Purdue Pharma L.P. et al.*, No. 2:18-cv-02717-NJB-DEK (E.D. La.), Doc. 21 (Mar. 29, 2018 Order Granting Stay).

b.      "Physician Defendants" — Russell Portenoy; Perry Fine; Scott Fishman; and Lynn Webster.

c.      "Distributor Defendants" — McKesson Corporation; Cardinal Health, Inc. ("Cardinal"); AmerisourceBergen Drug Corporation; and Miami-Luken, Inc. ("Miami-Luken").

8.      Like many cases previously removed to Ohio federal courts and transferred to the MDL, the thrust of this Complaint is that the Manufacturer Defendants and Physician Defendants engaged in a marketing and promotional campaign based on misrepresentations about the risks of FDA-approved prescription opioid medications.  (Compl. ¶¶ 12-18, ¶¶ 56-75 at pp. 17-26, ¶¶ 101-104, 150-667.)[3]  According to Plaintiff, the Manufacturer Defendants and Physician Defendants' alleged conduct has caused Plaintiff to incur "health care costs, criminal justice and victimization costs, social costs, and lost productivity costs."  (*Id.* ¶ 50.)  All of the Manufacturer Defendants and Physician Defendants are citizens of states or foreign states other than Ohio.

9.      Unlike the allegations against the Manufacturer Defendants and Physician Defendants, none of Plaintiff's allegations against the Distributor Defendants relate to promotion of opioid medications or misrepresentations regarding their risks.  Instead, as in the many similar cases filed by these same plaintiff lawyers, Plaintiff makes the allegation that the Distributor Defendants "failed in their duty to take any action to prevent or reduce the distribution of [opioids]" (*id.* ¶ 721) or to notice and report "suspicious or alarming orders of opioid pharmaceuticals . . . to the proper authorities and governing bodies" (*id.* ¶ 719).  (*See generally id.* ¶¶ 725-734.)  And again, the Complaint further alleges that the Distributor Defendants failed to "prevent the flow of prescription opioids . . . into Harrison County."  (*Id.* ¶ 734.)  Two Distributor

---

[3] The Complaint contains paragraph numbering errors similar to errors in predecessor complaints.  The paragraph immediately after paragraph 57 (starting on page 17 and ending on page 19) is incorrectly numbered as paragraph 54.  To avoid confusion, whenever Endo cites to paragraphs impacted by these errors, it will cite to page numbers as well as paragraph numbers.

Defendants, Cardinal and Miami-Luken, are Ohio citizens.  (*Id.* ¶¶ 83, 93.)  The other Distributor

Defendants are citizens of states other than Ohio.  (*Id.* ¶¶ 76, 88.)

10.     The Complaint asserts ten causes of action against "all Defendants," although each

individual claim rests almost entirely on conduct involving the Manufacturer Defendants and

Physician Defendants only, on the one hand, or the Distributor Defendants only, on the other:

(1) unfair and deceptive acts or practices in violation of Chapter 1345 of the Ohio Revised Code;

(2) deceptive trade practices in violation of Chapter 4165 of the Ohio Revised Code; (3) public

nuisance; (4) fraud; (5) unjust enrichment; (6) negligence; (7) negligence per se; (8) negligent

marketing; (9) racketeering in violation of the Ohio Corrupt Practices Act; and (10) injury through

criminal acts.  (*Id.* ¶¶ 753-861, 878-900.)[4]

11.     Endo received the Complaint through service on March 23, 2018.  Pursuant to 28

U.S.C. § 1446(a), a copy of all process and pleadings served on Endo is attached hereto as

**Exhibit 2**.  A copy of the state court docket, all orders served on Endo, and all documents filed in

the state court action (other than the Complaint) is attached hereto as **Exhibit 3**.

## VENUE AND JURISDICTION

12.     Venue is proper in this Court pursuant to 28 U.S.C. §§ 115, 1391, 1441(a), and

1446(a) because the Court of Common Pleas for Harrison County, Ohio, where the Complaint

was filed, is a state court within the Southern District of Ohio.

13.     This Court has subject matter jurisdiction under 28 U.S.C. § 1332(a) because

(1) there is complete diversity of citizenship between Plaintiff and all properly joined defendants;

(2) the amount in controversy exceeds $75,000, exclusive of interests and costs; and (3) all other

requirements for removal have been satisfied.

---

[4] In pleading the causes of action, the Complaint jumps from paragraph 861 to 878, omitting
paragraphs 862 through 877.

## I.     THERE IS COMPLETE DIVERSITY OF CITIZENSHIP BETWEEN PLAINTIFF AND THE MANUFACTURER AND PHYSICIAN DEFENDANTS

14.     There is complete diversity of citizenship here because Plaintiff is an Ohio citizen and all of the Manufacturer Defendants and Physician Defendants are citizens of states or foreign states other than Ohio, *see* Part I.A *infra*, and the citizenship of the Distributor Defendants (two of which are non-diverse) should be ignored for purposes of diversity jurisdiction, *see* Part I.B *infra*. This is because the Distributor Defendants are subject to severance under Federal Rule of Civil Procedure 21 and the fraudulent misjoinder doctrine.[5]

### A.     Plaintiff Is Diverse from the Manufacturer and Physician Defendants

#### 1.     Plaintiff Is a Citizen of Ohio

15.     The Harrison County Board of Commissioners is an Ohio citizen for purposes of diversity jurisdiction.  *See Moor v. Alameda Cty.*, 411 U.S. 693, 719-21 (1973); *Brown v. Marshall Cty.*, 394 F.2d 498, 500 (6th Cir. 1968).

#### 2.     None of the Manufacturer or Physician Defendants Is a Citizen of Ohio

16.     For purposes of diversity jurisdiction, a corporation is "a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business . . . ."  28 U.S.C. § 1332(c)(1).  A partnership is a citizen of every state in which its partners are citizens.  *See Americold Realty Tr. v. ConAgra Foods, Inc.*, 136 S. Ct. 1012, 1015 (2016); *Hooper v. Wolfe*, 396 F.3d 744, 748 (6th Cir. 2005).  A limited liability company is a citizen of every state in which its members are citizens.  *Delay v. Rosenthal Collins Grp., LLC*, 585 F.3d 1003, 1005 (6th Cir. 2009).

---

[5] Though only two Distributor Defendants (Cardinal and Miami-Luken) are non-diverse, the Court should sever all of the Distributor Defendants because of the common factual allegations underlying the claims against those Defendants.

17.     Applying these principles, none of the Manufacturer or Physician Defendants is a citizen of Ohio.

18.     Defendant Endo Health Solutions Inc. is a corporation organized under the laws of Delaware with its principal place of business in Malvern, Pennsylvania.  (Compl. ¶ 67.)

19.     Defendant Endo Pharmaceuticals Inc. is a corporation organized under the laws of Delaware with its principal place of business in Malvern, Pennsylvania.  (*Id.*)

20.     Defendant Purdue Pharma L.P. is a limited partnership organized under the laws of Delaware, none of whose partners are citizens of Ohio.  (*See id.* ¶ 56 at p. 17.)  Its partners are Purdue Pharma Inc., a citizen of New York and Connecticut, and Purdue Holdings L.P.  Purdue Holdings L.P.'s partners are Purdue Pharma Inc., a citizen of New York and Connecticut; PLP Associates Holdings Inc., a citizen of New York and Connecticut; and PLP Associates Holdings L.P.  PLP Associates Holdings L.P.'s partners are PLP Associates Holdings Inc., a citizen of New York and Connecticut; and BR Holdings Associates L.P.  BR Holdings Associates L.P.'s partners are BR Holdings Associates Inc., a citizen of New York and Connecticut; Beacon Company; and Rosebay Medical Company L.P.  Beacon Company's partners are Stanhope Gate Corp., a citizen of the British Virgin Islands and Jersey, Channel Islands; and Heatheridge Trust Company Limited, a citizen of Jersey, Channel Islands.  Rosebay Medical Company L.P.'s partners are Rosebay Medical Company, Inc., a citizen of Delaware and Connecticut; R. Sackler, a citizen of Texas; and J. Sackler, a citizen of Connecticut.

21.     Defendant Purdue Pharma Inc. is a corporation organized under the laws of New York with its principal place of business in Stamford, Connecticut.

22.     Defendant The Purdue Frederick Company Inc. is a corporation organized under the laws of New York with its principal place of business in Stamford, Connecticut.

23.     Defendant Teva Pharmaceuticals USA, Inc. is a corporation organized under the laws of Delaware with its principal place of business in North Wales, Pennsylvania.  (*Id.* ¶ 56 at p. 20.)

24.     Defendant Cephalon, Inc. is a corporation organized under the laws of Delaware with its principal place of business in Frazer, Pennsylvania.  (*Id.* ¶ 57 at p. 20.)

25.     Defendant Johnson & Johnson is a corporation organized under the laws of New Jersey with its principal place of business in New Brunswick, New Jersey.  (*Id.* ¶ 63.)

26.     Defendant Janssen Pharmaceuticals, Inc. is a corporation organized under the laws of Pennsylvania with its principal place of business in Titusville, New Jersey.  (*Id.*)

27.     Defendant Ortho-McNeil-Janssen Pharmaceuticals, Inc. n/k/a Janssen Pharmaceuticals, Inc. is a corporation organized under the laws of Pennsylvania with its principal place of business in Titusville, New Jersey.  (*Id.*)

28.     Defendant Janssen Pharmaceutica, Inc. n/k/a Janssen Pharmaceuticals, Inc. is a corporation organized under the laws of Pennsylvania with its principal place of business in Titusville, New Jersey.  (*Id.*)

29.     Defendant Allergan plc is a public limited company incorporated in Ireland with its principal place of business in Dublin, Ireland.  (*Id.* ¶ 70.)

30.     Defendant Allergan Finance, LLC f/k/a Actavis, Inc. f/k/a Watson Pharmaceuticals, Inc. is a Nevada limited liability company.  Its sole member is Allergan W.C. Holding Inc. f/k/a Actavis W.C. Holding Inc., a Delaware corporation with its principal place of business in Parsippany, New Jersey.

31.     Defendant Watson Laboratories, Inc. is a Nevada corporation with its principal place of business in Parsippany, New Jersey.

32.     Defendant Actavis LLC is a Delaware limited liability company with its principal place of business in Parsippany, New Jersey.  (*Id.*)  Actavis LLC's sole member is Actavis US Holding LLC, a limited liability company organized under the laws of Delaware.  Actavis US Holding LLC's sole member is Watson Laboratories, Inc., a Nevada corporation with its principal place of business in Parsippany, New Jersey.

33.     Defendant Actavis Pharma, Inc. f/k/a Watson Pharma, Inc., is a Delaware corporation with its principal place of business in New Jersey.  (*Id.*)

34.     Defendant Insys Therapeutics, Inc. is a Delaware corporation with its principal place of business in Arizona.  (*Id.* ¶ 72.)

35.     Defendant Mallinckrodt LLC is a limited liability company organized under the laws of Delaware, none of whose members is a citizen of Ohio.  (*See id.* ¶ 74.)  Mallinckrodt LLC's sole member is Mallinckrodt Enterprises LLC, a citizen of Delaware.  Mallinckrodt Enterprises LLC's members are Mallinckrodt Enterprises Holdings, Inc., a citizen of California; Ludlow Corporation, a citizen of Massachusetts; and Mallinckrodt ARD Finance LLC, a citizen of Delaware.  Mallinckrodt ARD Finance LLC's sole member, Mallinckrodt ARD Inc., is a citizen of California.

36.     Defendant Dr. Russell Portenoy is a citizen of New York.  (*Id.* ¶ 101.)

37.     Defendant Dr. Perry Fine is a citizen of Utah.  (*Id.* ¶ 102.)

38.     Defendant Dr. Scott Fishman is a citizen of California.  (*Id.* ¶ 103.)

39.     Defendant Dr. Lynn Webster is a citizen of Utah.  (*Id.* ¶ 104.)

40.     Accordingly, all of the Manufacturer Defendants and Physician Defendants are citizens of a state or foreign state other than Ohio.

**B.      The Citizenship of the Distributor Defendants Should Be Ignored**

**1.      The Distributor Defendants Should Be Severed Under Rule 21**

41.     Even where the face of a complaint shows a lack of complete diversity, removal

based on diversity jurisdiction is nonetheless proper if the claims against the non-diverse

defendants are severable under Federal Rule of Civil Procedure 21.  Defendants are severable

under Rule 21 if they are either unnecessary or dispensable under Rule 19, or if the claims against

them are sufficiently distinct from claims against other defendants under Rule 20.  Here, the

Distributor Defendants should be severed on both grounds, each of which preserves diversity

jurisdiction as to the Manufacturer Defendants and Physician Defendants.

42.     *Joseph v. Baxter International, Inc.*, 614 F. Supp. 2d 868 (N.D. Ohio 2009), is

particularly instructive.  There, Louisiana plaintiffs brought a products liability action against the

out-of-state manufacturer of the drug Heparin.  *Id.* at 870.  Before the case was removed, the

plaintiffs amended their complaint to add as defendants various non-diverse healthcare provider

companies, alleging that they engaged in "negligent acts and omissions in the administration of

Heparin."  *Id.* at 871.  Despite the addition of these non-diverse healthcare provider defendants,

the district court denied remand as to the diverse manufacturer.  *Id.* at 875.

43.     Following Sixth Circuit precedent, the *Baxter* court explained that "it is

appropriate to drop a nondiverse and dispensable party from litigation in order to achieve

diversity."  *Id.* at 872 (quoting *Soberay Mach. & Equip. Co. v. MRF Ltd., Inc.*, 181 F.3d 759, 763

(6th Cir. 1999)).  As the court explained, Rule 21 "permits a district court to retain diversity

jurisdiction over a case by dropping a nondiverse party if that party's presence in the action is not

required under Federal Rule of Civil Procedure 19."  *Id.* (quoting *Safeco Ins. Co. v. City of White

House*, 36 F.3d 540, 545 (6th Cir. 1994)); *see also id.* ("[U]nder Rule 21 of the Federal Rules of

Civil Procedure, [courts] can retain jurisdiction by severing claims against nondiverse dispensable defendants.").

44.     Applying these principles, the *Baxter* court concluded that the healthcare-provider defendants were dispensable parties subject to severance and thus declined to remand the entire case. *Id.* at 872-74. The court reasoned that the healthcare-provider defendants were "not necessary parties as the resolution of a claim against them would not necessarily resolve the [plaintiffs'] claim against [the manufacturer]"; the medical malpractice claims against the healthcare providers "differ from the [plaintiffs'] products liability claim" against the manufacturer. *Id.* at 872. And, the court explained, the healthcare-provider defendants were dispensable because the plaintiffs "retain an adequate remedy against the Healthcare Defendants as they can proceed with their claims in state court." *Id.* at 873. Given the separate factual basis for plaintiffs' medical malpractice claims against the healthcare providers, the court found that it could "sever them from the claims against [the manufacturer], and in doing so, perfect diversity jurisdiction over [the manufacturer]." *Id.* at 874.

45.     Numerous other decisions have followed the same approach. *See id.* at 873-74 (citing *Phillips v. Knoll Pharm. Co.*, No. 5:03-cv-08044 (N.D. Ohio Sept. 4, 2003)); *Kelly v. Aultman Physician Ctr.*, No. 5:13CV0994, 2013 WL 2358583, at *3 (N.D. Ohio May 29, 2013); *DeGidio v. Centocor, Inc.*, No. 3:09CV721, 2009 WL 1867676, at *3-4 (N.D. Ohio July 8, 2009); *Lucas v. Springhill Hosps., Inc.*, No. 1:09HC60016, 2009 WL 1652155, at *2 (N.D. Ohio June 11, 2009); *Williams v. Knoll Pharm. Co.*, No. 5:03-cv-08030 (N.D. Ohio July 11, 2003); *Mayfield v. London Women's Care, PLLC*, No. 15-19-DLB, 2015 WL 3440492, at *3-5 (E.D. Ky. May 28, 2015); *McElroy v. Hamilton Cty. Bd. of Educ.*, No. 1:12-cv-297, 2012 WL 12871469, at *2-3 (E.D. Tenn. Dec. 20, 2012); *Sullivan v. Calvert Mem'l Hosp.*, 117 F. Supp. 3d 702, 705-07 (D.

Md. 2015); *Cooke-Bates v. Bayer Corp.*, No. 3:10-cv-261, 2010 WL 3984830, at *4 (E.D. Va. Oct. 8, 2010).

46.     Likewise, here, this Court should sever the Distributor Defendants under Rule 21 and deny remand as to the Manufacturer Defendants and Physician Defendants, because the Distributor Defendants are both unnecessary and dispensable parties under Rule 19.  Alleged joint tortfeasors like the Distributor Defendants are unnecessary parties as a matter of settled law.  *E.g.*, *Boggs v. Landmark 4 LLC*, No. 1:12-cv-614, 2012 WL 3485288, at *3 (N.D. Ohio Aug. 13, 2012) ("[T]he Supreme Court has held that, as a matter of law, joint tortfeasors are not necessary parties under Rule 19." (citing *Temple v. Synthes Corp.*, 498 U.S. 5, 7-8 (1990)).

47.     Moreover, just like the claims against the manufacturer and the non-diverse healthcare-provider defendants in *Baxter*, Plaintiff's claims and factual allegations against the Manufacturer Defendants and Physician Defendants are sufficiently distinct from those against the Distributor Defendants to merit severance.  The claims against the Manufacturer Defendants and Physician Defendants center on alleged misrepresentations regarding the risks and benefits of FDA-approved prescription opioid medications made in marketing and promoting the medications.  By contrast, Plaintiff's claims against the Distributor Defendants relate to their alleged negligent distribution of opioid products.  Severance is particularly appropriate because "the claims 'involve different legal standards and different factual allegations.'"  *Kelly*, 2013 WL 2358583, at *3 (citing *DeGidio*, 2009 WL 1867676, at *3).

48.     Beyond Rule 19, the claims against the Distributor Defendants are also misjoined under Rule 20, which provides a distinct basis for severance.  Rule 21 permits severance of claims against non-diverse defendants that do not "aris[e] out of the same transaction, occurrence, or series of transactions or occurrences" as the claims against other defendants.  Fed. R. Civ. P.

20(a)(1)(A); *see Loeffelbein v. Milberg Weiss Bershad Hynes & Lerach, LLP*, No. Civ.A. 02-2435-CM, 2003 WL 21313957, at *5 (D. Kan. May 23, 2003) ("Rule 21 is a mechanism for correcting . . . the misjoinder . . . of parties or claims" which "arises when the claims and parties fail to satisfy any of the conditions of permissive joinder under Rule 20(a)." (citation omitted)). Courts have repeatedly severed claims against non-diverse defendants and denied remand as to diverse defendants where the claims against the non-diverse defendants were separate and distinct, and arose from different transactions or occurrences.[6]  Because of the distinct factual underpinnings of the claims against the diverse and non-diverse defendants here, these claims cannot properly be joined together.

49.    Severance is particularly appropriate here because it will enable the diverse parties to benefit from the significant efficiencies stemming from participation in coordinated MDL proceedings in the Northern District of Ohio.  (*See* Exhibit 1.)  Courts within this Circuit and other circuits have repeatedly recognized the importance of these efficiencies in severing non-diverse defendants and denying remand as to diverse defendants.  *E.g.*, *Baxter*, 614 F. Supp. 2d at 873 ("[P]laintiffs will benefit from the MDL process: they will not bear the burden of having to engage on their own, and at their sole expense, in discovery vis-à-vis [the diverse manufacturer].");  *Mayfield*, 2015 WL 3440492, at *5 ("[I]f the surviving federal claims are transferred to the Ethicon MDL, the prospect of dual litigation has undeniable upside.");  *Sullivan*, 117 F. Supp. 3d at 707 ("Severance is particularly appropriate in this case because it would allow for the transfer of [plaintiff's] claims against the [diverse manufacturer] to Multi-District

---

[6] *See, e.g.*, *Loeffelbein*, 2003 WL 21313957, at *6; *Sutton v. Davol, Inc.*, 251 F.R.D. 500, 505 (E.D. Cal. 2008); *Greene v. Wyeth*, 344 F. Supp. 2d 674, 683-84 (D. Nev. 2004); *Westley v. Progressive Specialty Ins. Co.*, No. 14-1410, 2014 WL 4489620, at *6-7 (E.D. La. Sept. 10, 2014); *Anderson v. State Farm Mut. Auto. Ins. Co.*, No. 4:08CV345-RH/WCS, 2008 WL 11366408, at *3 (N.D. Fla. Nov. 10, 2008); *Todd v. Cary's Lake Homeowners Ass'n*, 315 F.R.D. 453, 458-59 (D.S.C. 2016); *DirecTV, Inc. v. Beecher*, 296 F. Supp. 2d 937, 945 (S.D. Ind. 2003); *Randleel v. Pizza Hut of Am., Inc.*, 182 F.R.D. 542, 543 (N.D. Ill. 1998).

Litigation."); *Sutton*, 251 F.R.D. at 505 ("Plaintiff's claims against the [non-diverse] Defendants are severed and remanded pursuant to Rule 21 . . . so as to preserve the removing Defendants' right to removal in the remaining multidistrict action and preserve the interests of judicial expediency and justice so that all pre-trial discovery on the products liability case can be coordinated in a single forum.").

50.     As one court explained in materially identical circumstances, "[t]he Court's decision to sever . . . [the non-diverse healthcare provider] will not greatly prejudice [plaintiff], but failure to do so could subject [the diverse manufacturer defendant] to considerable prejudice. [Plaintiff] will be forced to pursue two separate suits, but it will not alone bear the administrative and financial burdens of pursuing its claims against [the manufacturer] in the MDL proceedings. For its part, [the manufacturer] could be exposed to numerous related suits if courts considering suits similar to this one refused to sever claims against [the manufacturer] from those against the providers that prescribed [the drug]."  *Cooke-Bates*, 2010 WL 3984830, at *4 (internal citations omitted).

51.     *Aramouni v. Cook Medical*, No. 1:15-cv-1116, 2015 WL 5661040 (N.D. Ohio Sept. 24, 2015), is readily distinguishable.  There, the court found severance unnecessary in part because all claims arose from "the same basic operative facts" and severance would not promote "judicial and economic efficiency" absent the ability to consolidate with other federal lawsuits. *Id.* at *3.  This case is entirely different.  As described above, Plaintiff's claims against the Distributor Defendants involve different operative facts than the claims against the Manufacturer Defendants and Physician Defendants, and severance of the Distributor Defendants will promote judicial and economic efficiency because it will permit the diverse parties to benefit from the significant efficiencies of coordinated MDL proceedings before the Northern District of Ohio.

52.     That Plaintiff asserts causes of action against "all Defendants" changes nothing. Severance is appropriate because the *factual basis* for Plaintiff's claims against the Manufacturer Defendants and Physician Defendants (alleged misrepresentations in marketing and promoting opioid medications) is materially distinct from the factual basis for Plaintiff's claims against the Distributor Defendants (alleged failure to prevent or reduce the distribution of opioid products or to report suspicious orders).  *See Loeffelbein*, 2003 WL 21313957, at *6 ("While plaintiffs do not distinguish between each of the defendants in the individual counts of the petition, the counts clearly arise from two different sets of facts."); *Nelson v. Aim Advisors, Inc.*, No. 01-cv-0282-MJR, 2002 WL 442189, at *3 (S.D. Ill. Mar. 8, 2002) ("Although Plaintiffs' claims against all Defendants are pled under the same legal theory, it is only in this abstract sense that Plaintiffs' claims share anything in common . . . [and] does not mean that there are common issues of law and fact sufficient to satisfy Rule 20(a).").  And, as in *Baxter*, if Plaintiff wants to pursue claims against the Distributor Defendants, Plaintiff has an "adequate remedy . . . in state court."  614 F. Supp. 2d at 873.

### 2.     The Distributor Defendants Are Also Fraudulently Misjoined

53.     As an alternative to severance under Rule 21, the citizenship of the Distributor Defendants should be ignored for purposes of diversity jurisdiction under the fraudulent misjoinder doctrine.  "Fraudulent misjoinder occurs when a plaintiff attempts to defeat removal by misjoining the unrelated claims of non-diverse party plaintiffs against a defendant, or . . . by misjoining the unrelated claims of a plaintiff against non-diverse party defendants."  *Baxter*, 614 F. Supp. 2d at 874; *see also Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353, 1360 (11th Cir. 1996), *abrogated on another ground in Cohen v. Office Depot, Inc.*, 204 F.3d 1069 (11th Cir. 2000).  As explained above, Plaintiff's claims against the Manufacturer Defendants and Physician

16

Defendants are materially distinct from Plaintiff's claims against the Distributor Defendants, including Cardinal and Miami-Luken. There is no plausible basis for their inclusion in this lawsuit other than to defeat diversity.

54.     In opioid-related cases like this one, federal district courts recently relied on the fraudulent misjoinder doctrine to ignore the citizenship of non-diverse defendants and deny remand based on diversity jurisdiction. *See Cty. Comm'n of McDowell Cty. v. McKesson Corp.*, 263 F. Supp. 3d 639, 647 (S.D. W. Va. 2017); *City of Huntington v. AmerisourceBergen Drug Corp.*, Civ. A. No. 3:17-01362, 2017 WL 3317300, at *4-5 (S.D. W. Va. Aug. 3, 2017); *but see Brooke Cty. Comm'n et al. v. Purdue Pharma L.P. et al.*, No. 5:18-cv-00009 (N.D. W. Va.), Doc. 23 (Feb. 23, 2018 Order).

55.     To be sure, the Sixth Circuit has not yet adopted the fraudulent misjoinder doctrine, and some decisions from the Northern District of Ohio have declined to apply the doctrine. *Baxter*, 614 F. Supp. 2d at 874; *Geffen*, 575 F. Supp. 2d at 871; *Rodriguez v. Tyco Healthcare Grp., LP*, No. 1:08 GD 50327, 2008 WL 4683294, at *2 (N.D. Ohio Oct. 21, 2008). This Court, too, has declined to apply the doctrine. *Cent. Ohio Gaming Ventures, LLC v. Goodman*, No. 2:11-CV-223, 2011 WL 1981185, at *9 (S.D. Ohio May 20, 2011).

56.     Nevertheless, at least one other court within the Sixth Circuit has applied the doctrine. *Asher v. Minn. Mining & Mfg. Co.*, No. Civ.A. 04-CV-522, 2005 WL 1593941, at *7-8 (E.D. Ky. June 30, 2005). Even if the Court finds that the Distributor Defendants are not subject to severance under Rule 21, it should find the claims against them misjoined under the fraudulent misjoinder doctrine.

57.    In sum, because Plaintiff is an Ohio citizen, and because none of the properly joined defendants is an Ohio citizen, there is complete diversity of citizenship.  *See* 28 U.S.C. § 1332(a).

## II.    THE AMOUNT IN CONTROVERSY EXCEEDS $75,000

58.    "[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold."  *Dart Cherokee Basin Operating Co. v. Owens*, 135 S. Ct. 547, 554 (2014).  "[W]hen a defendant seeks federal-court adjudication, the defendant's amount-in-controversy allegation should be accepted when not contested by the plaintiff or questioned by the court."  *Id*. at 553.

59.    Plaintiff asserts that it has suffered "millions of dollars" in losses "[a]s a direct and foreseeable consequence of [Manufacturer and Physician] Defendants' wrongful conduct." (Compl. ¶ 50; *see also id.* ¶ 679.)  Plaintiff seeks "compensatory damages in an amount sufficient to . . . completely compensate Plaintiff for all damages" as well as statutory and punitive damages.  (*Id.* Prayer for Relief ¶¶ i-iii.)  It is thus clear that the alleged amount in controversy exceeds $75,000, exclusive of interest and costs.

## III.    ALL OTHER REMOVAL REQUIREMENTS ARE SATISFIED

### A.    This Notice of Removal Is Timely

60.    This Notice of Removal is timely filed.  Endo received the Complaint through service on March 23, 2018.  Because Endo filed the Notice of Removal on April 19, 2018, removal is timely.  *See* 28 U.S.C. § 1446(b)(1).

**B.      All Properly Joined And Served Defendants Consent to Removal**

61.      For purposes of removal based on diversity jurisdiction under 28 U.S.C. § 1332(a) and pursuant to 28 U.S.C. § 1446(b), all defendants who have been properly joined and served must consent to removal.

62.      The following properly joined and served Defendants consent to removal, as indicated by their signing below:  Purdue Pharma L.P.; Purdue Pharma Inc.; The Purdue Frederick Company Inc.; Teva Pharmaceuticals USA, Inc.; Cephalon, Inc.; Johnson & Johnson; Allergan Finance, LLC f/k/a Actavis, Inc. f/k/a Watson Pharmaceuticals, Inc.; Watson Laboratories, Inc.; Actavis LLC; Actavis Pharma, Inc. f/k/a Watson Pharma, Inc.; Insys Therapeutics, Inc.; and Mallinckrodt LLC.  *See City of Cleveland v. Ameriquest Mort. Sec., Inc.*, 615 F.3d 496, 501 (6th Cir. 2010) (co-defendants may consent to removal by filing a written consent).

63.      The following properly joined Defendants have not been properly served, and thus their consent to removal is not required:  Janssen Pharmaceuticals, Inc.; Janssen Pharmaceutica, Inc. n/k/a Janssen Pharmaceuticals, Inc.; Ortho-McNeil-Janssen Pharmaceuticals, Inc. n/k/a Janssen Pharmaceuticals, Inc.; Allergan plc f/k/a Actavis plc; Dr. Russell Portenoy; Dr. Scott Fishman; Dr. Perry Fine; and Dr. Lynn Webster.  *See id.*  Nevertheless, they consent to removal. The Defendants listed in this paragraph expressly reserve, and do not waive, all defenses related to service of process and personal jurisdiction.

64.      The following properly served Defendant have not been properly joined, and thus its consent to removal is not required:  Miami-Luken.  Nevertheless, it consents to removal.

65.     The following Defendants are neither properly joined nor properly served, and thus their consent to removal is not required:  AmerisourceBergen Drug Corporation, McKesson Corporation, and Cardinal.  Nonetheless, they consent to removal.

66.     By filing this Notice of Removal, neither Endo nor any other defendant waives any defense that may be available to them and reserve all such defenses.  If any question arises as to the propriety of the removal to this Court, Endo and the remaining defendants request the opportunity to present a brief and oral argument in support of their position that this case has been properly removed.

## CONCLUSION

WHEREFORE, Endo hereby removes this action from the Court of Common Pleas,

Harrison County, to the United States District Court for the Southern District of Ohio.

DATED: April 19, 2018                 /s/ Carole S. Rendon
                                         Carole S. Rendon (0070345)
                                         Tera N. Coleman (0090544)
                                         BAKER & HOSTETLER LLP
                                         Key Tower
                                         127 Public Square, Suite 2000
                                         Cleveland, OH 44114-1214
                                         (216) 621-0200
                                         crendon@bakerlaw.com
                                         tcoleman@bakerlaw.com

Ingo W. Sprie, Jr.*
ARNOLD & PORTER KAYE SCHOLER LLP
250 West 55th Street
New York, NY 10019-9710
(212) 836-8000
Ingo.Sprie@arnoldporter.com

Sean Morris*
ARNOLD & PORTER KAYE SCHOLER LLP
777 S. Figueroa Street
44th Floor
Los Angeles, CA 90017
(213) 243-4000
Sean.Morris@arnoldporter.com

Attorneys for Defendants
ENDO HEALTH SOLUTIONS INC. and ENDO
PHARMACEUTICALS INC.
*denotes national counsel who will seek pro hac
vice admission*

**WRITTEN CONSENT OF OTHER DEFENDANTS**

Consent to removal on behalf of Defendants PURDUE PHARMA L.P., PURDUE PHARMA INC., and THE PURDUE FREDERICK COMPANY INC.:

/s/ Daniel J. Buckley
Daniel J. Buckley (3772)
VORYS, SATER, SEYMOUR and PEASE LLP
301 East Fourth Street
Suite 3500, Great American Tower
Cincinnati, OH 45202
(513) 723-4002
djbuckley@vorys.com

Mark S. Cheffo*
Hayden A Coleman*
QUINN EMANUEL URQUHART & SULLIVAN, LLP
51 Madison Avenue, 22nd Floor
New York, NY 10010
(212) 849-7000
markcheffo@quinemanuel.com
haydencoleman@quinnemanuel.com
*denotes national counsel who will seek pro hac vice admission*

Consent to removal on behalf of Defendants
TEVA PHARMACEUTICALS USA, INC.,
CEPHALON, INC., WATSON LABORATORIES,
INC., ACTAVIS LLC, and ACTAVIS PHARMA,
INC. F/K/A WATSON PHARMA, INC.:

/s/ Wendy West Feinstein
Wendy West Feinstein (0064973)
MORGAN, LEWIS & BOCKIUS LLP
One Oxford Centre, 32nd Floor
Pittsburgh, PA 15219-6401
(412) 560-7455
wendy.feinstein@morganlewis.com

Tinos Diamantatos*
MORGAN, LEWIS & BOCKIUS LLP
77 West Wacker Drive
Chicago, IL 60601-5094
(312) 324-1145
tinos.diamantatos@morganlewis.com

Steven A. Reed*
MORGAN, LEWIS & BOCKIUS LLP
1701 Market Street
Philadelphia, PA 19103
(215) 963-5000
steven.reed@morganlewis.com

Brian M. Ercole*
MORGAN, LEWIS & BOCKIUS LLP
200 S. Biscayne Blvd., Suite 5300
Miami, FL 33131-2339
brian.ercole@morganlewis.com
* denotes national counsel who will seek pro hac
vice admission

Consent to removal on behalf of Defendants JOHNSON & JOHNSON, JANSSEN PHARMACEUTICALS, INC., ORTHO-MCNEIL-JANSSEN PHARMACEUTICALS, INC. N/K/A JANSSEN PHARMACEUTICALS, INC., and JANSSEN PHARMACEUTICA, INC. N/K/A JANSSEN PHARMACEUTICALS, INC.:

/s/ Justin E. Rice
John Q. Lewis (0067235)
Justin E. Rice (0080587)
TUCKER ELLIS LLP
950 Main Avenue, Suite 1100
Cleveland, OH 44113-7213
Telephone: (216) 592-5000
Facsimile: (216) 592-5009
john.lewis@tuckerellis.com

Charles C. Lifland*
O'MELVENY & MYERS LLP
400 S. Hope Street
Los Angeles, CA 90071
(213) 430-6000
clifland@omm.com
*denotes national counsel who will seek pro hac vice admission

Consent to removal on behalf of Defendants
ALLERGAN PLC F/K/A ACTAVIS PLC and
ALLERGAN FINANCE, LLC F/K/A ACTAVIS,
INC. F/K/A WATSON PHARMACEUTICALS,
INC.:

/s/ Andrea B. Daloia
John R. Mitchell (#0066759)
Andrea B. Daloia (#0074106)
THOMPSON HINE LLP
3900 Key Center
127 Public Square
Cleveland, OH 44114-1291
Telephone: 216-556-5500
Facsimile: 216-556-5800
John.Mitchell@ThompsonHine.com
Andrea.Daloia@ThompsonHine.com

Donna Welch, P.C.*
Martin L. Roth*
Timothy Knapp*
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, Illinois 60654
(312) 862-2000
donna.welch@kirkland.com
martin.roth@kirkland.com
timothy.knapp@kirkland.com

Jennifer G. Levy, P.C.*
KIRKLAND & ELLIS LLP
655 Fifteenth Street, NW
Washington, DC 20005
(202) 879-5000
jennifer.levy@kirkland.com
*denotes national counsel who will seek pro hac
vice admission

Consent to removal on behalf of Defendant
INSYS THERAPEUTICS, INC.:

/s/ Eric H. Zagrans
Eric H. Zagrans (0013108)
ZAGRANS LAW FIRM LLC
6100 Oak Tree Boulevard, Suite 200
Cleveland, Ohio 44131
Telephone: (216) 771-1000
Facsimile: (866) 261-2008
eric@zagrans.com

J. Matthew Donohue* (Trial Attorney)
Joseph L. Franco*
HOLLAND & KNIGHT LLP
2300 U.S. Bancorp Tower
111 S.W. Fifth Avenue
Portland, OR 97204
Telephone: (503) 243-2300
Facsimile: (503) 241-8014
matt.donohue@hklaw.com
joe.franco@hklaw.com
* denotes national counsel who will seek pro hac
vice admission

Consent to removal on behalf of Defendant
MALLINCKRODT LLC:

/s/ Marc J. Kessler
Marc J. Kessler (0059236)
HAHN LOESER & PARKS, LLP
65 E. State Street, Suite 1400
Columbus, Ohio 43215
Telephone: (614) 221-0240
Facsimile: (614) 221-5909
mkessler@hahnlaw.com

Brien T. O'Connor*
Andrew J. O'Connor*
ROPES & GRAY LLP
Prudential Tower, 800 Boylston Street
Boston, MA 02199-3600
Telephone: (617) 235 4650
Brien.O'Connor@ropesgray.com
Andrew.O'Connor@ropesgray.com
* denotes national counsel who will seek pro hac
vice admission

Consent to removal on behalf of Defendant
RUSSELL PORTENOY:

/s/ Jordan D. Rauch
O. Judson Scheaf, III (0040285)
Jordan D. Rauch (0093389)
HAHN LOESER & PARKS LLP
65 East State Street, Suite 1400
Columbus, Ohio 43215
(614) 233-5190
JScheaf@hahnlaw.com
JRauch@hahnlaw.com

Consent to removal on behalf of Defendants
PERRY FINE, M.D., SCOTT FISHMAN, M.D.,
and LYNN WEBSTER, M.D.:

/s/ Tyler Tarney
Greg Brunton (0061722)
Tyler Tarney (0089082)
Daniel Hyzak (0091298)
GORDON & REES LLP
41 South High Street, Suite 2495
Columbus, Ohio 43215
Telephone: (614) 340-5558
Facsimile: (614) 360-2130
gbrunton@grsm.com
ttarney@grsm.com
dhyzak@grsm.com

Consent to removal on behalf of Defendant
MCKESSON CORPORATION:

/s/ Vincent I. Holzhall
Vincent I. Holzhall (0074901)
STEPTOE & JOHNSON PLLC
41 South High Street, Suite 2200
Columbus, OH 43215
Telephone: (614) 221-5100
Facsimile: (614) 221-0952
vince.holzhall@steptoe-johnson.com

Consent to removal on behalf of Defendant
CARDINAL HEALTH, INC.:

/s/ James B. Hadden
James B. Hadden (0059315)
Joseph F. Murray (0063373)
Brian K. Murphy (0070654)
MURRAY MURPHY MOUL + BASIL LLP
1114 Dublin Road
Columbus, OH 43215
(614) 488-0400
hadden@mmmb.com
murray@mmmb.com
murphy@mmmb.com

Consent to removal on behalf of Defendant
AMERISOURCEBERGEN DRUG
CORPORATION:

/s/ Mark W. Bernlohr
Mark W. Bernlohr #0038640
Sandra K. Zerrusen #0070883
Aaron E. McQueen #0068753
Andrew N. Schock #0087998
JACKSON KELLY PLLC
50 South Main Street, Suite 201
Akron, OH 44308
Telephone: (330) 252-9060
Facsimile: (330) 252-9078
mwbernlohr@jacksonkelly.com
skzerrusen@jacksonkelly.com
aaron.mcqueen@jacksonkelly.com
anschock@jacksonkelly.com

Robert A. Nicholas
Shannon E. McClure
REED SMITH LLP
1717 Arch Street, Suite 3100
Philadelphia, PA 19103
(215) 851-8100
rnicholas@reedsmith.com
smcclure@reedsmith.com

Alvin L. Emch
JACKSON KELLY PLLC
500 Lee Street, East, Suite 1600
P.O. Box 553
Charleston, WV 25322
(304) 340-1000
aemch@jacksonkelly.com

Consent to removal on behalf of Defendant
MIAMI-LUKEN, INC.:

/s/ Thomas J. Hurney
Thomas J. Hurney (WVSB #1833)
Laurie K. Miller (WVSB #8826)
JACKSON KELLY PLLC
P.O. Box 553
Charleston, WV 25322
(304) 340-1213 Telephone
(304) 340-1050 Fax

thurney@jacksonkelly.com
lmiller@jacksonkelly.com

Richard H. Blake (Ohio Bar #0083374)
Jennifer D. Armstrong (Ohio Bar #0081090)
MCDONALD HOPKINS LLC
600 Superior Avenue, East
Suite 2100, Cleveland, OH 44114
(216) 348-5839 phone;  (216) 348-5474 fax
rblake@mcdonaldhopkins.com
jarmstrong@mcdonaldhopkins.com

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing is being served upon the following by regular United States mail, postage prepaid

**Frank Gallucci**
PLEVIN & GALLUCCI COMPANY, L.P.A
55 Public Square, Suite 2222
Cleveland, Ohio 44113

**Paul J. Napoli**
**Joseph L. Ciaccio**
**Salvatore C. Badala**
NAPOLI SHKOLNIK, PLLC
400 Broadhollow Road, Suite 305 Melville, New York 11747

**Andrew R. Mayle**
MAYLE, LLC
P.O. Box 263
Perrysburg, OH 43552

**Scott Elliot Smith**
SCOTT ELLIOT SMITH LPA
5003 Horizons Dr. Ste. 200
Columbus, OH 43220

**James A. Marinella**
DEMER & MARNIELLA, LLC
2 Berea Commons, Suite 200
Berea, OH 44017

*Attorneys for Plaintiffs*

**Daniel J. Buckley**
VORYS, SATER, SEYMOUR and PEASE LLP
301 East Fourth Street
Suite 3500, Great American Tower
Cincinnati, OH 45202

**Mark S. Cheffo**
**Hayden A Coleman**
QUINN EMANUEL URQUHART & SULLIVAN, LLP
51 Madison Avenue, 22nd Floor
New York, NY 10010

*Attorneys for Defendants Purdue Pharma L.P., Purdue Pharma Inc., and The Purdue Frederick Company, Inc.*

**Wendy West Feinstein**
MORGAN, LEWIS & BOCKIUS LLP
One Oxford Centre, 32nd Floor
Pittsburgh, PA 15219-6401

**Tinos Diamantatos**
MORGAN, LEWIS & BOCKIUS LLP
77 West Wacker Drive
Chicago, IL 60601-5094

**Steven A. Reed**
MORGAN, LEWIS & BOCKIUS LLP
1701 Market Street
Philadelphia, PA 19103

**Brian M. Ercole**
MORGAN, LEWIS & BOCKIUS LLP
200 S. Biscayne Blvd., Suite 5300
Miami, FL 33131-2339

*Attorneys for Defendants Teva Pharmaceuticals USA, Inc., Cephalon, Inc., Watson Laboratories, Inc., Actavis LLC, and Actavis Pharma, Inc. f/k/a Watson Pharma, Inc.*

**John Q. Lewis**
**Justin E. Rice**
TUCKER ELLIS LLP
950 Main Avenue, Suite 1100
Cleveland, OH 44113-7213

**Charles C. Lifland**
O'MELVENY & MYERS LLP
400 S. Hope Street
Los Angeles, CA 90071

*Attorneys for Defendants Johnson & Johnson,*
*Janssen Pharmaceuticals, Inc., Ortho-Mcneil-*
*Janssen Pharmaceuticals, Inc. n/k/a Janssen*
*Pharmaceuticals, Inc., and Janssen Pharmaceutica,*
*Inc. n/k/a Janssen Pharmaceuticals, Inc.*

**John R. Mitchell**
**Stacey A. Greenwell**
**Andrea B. Daloia**
THOMPSON HINE LLP
3900 Key Center
127 Public Square
Cleveland, OH 44114-1291

**Donna Welch, P.C.**
**Martin L. Roth**
**Timothy Knapp**
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, Illinois 60654

**Jennifer G. Levy, P.C.**
KIRKLAND & ELLIS LLP
655 Fifteenth Street, NW
Washington, DC 20005

*Attorneys for Defendants Allergan plc f/k/a Actavis*
*plc, and Actavis, Inc. n/k/a Allergan Finance, LLC*
*f/k/a Watson Pharmaceuticals, Inc.*

**Eric H. Zagrans**
ZAGRANS LAW FIRM LLC
6100 Oak Tree Boulevard, Suite 200
Cleveland, Ohio 44131

**J. Matthew Donohue**
**Joseph L. Franco**
HOLLAND & KNIGHT LLP
2300 U.S. Bancorp Tower
111 S.W. Fifth Avenue
Portland, OR 97204

*Attorneys for Defendant Insys Therapeutics, Inc.*

**Marc J. Kessler (0059236)**
HAHN LOESER & PARKS, LLP
65 E. State Street, Suite 1400
Columbus, Ohio 43215

**Brien T. O'Connor**
**Andrew J. O'Connor**
ROPES & GRAY LLP
Prudential Tower, 800 Boylston Street
Boston, MA 02199-3600

*Attorneys for Defendants Mallinckrodt LLC*

**Vincent I. Holzhall**
STEPTOE & JOHNSON PLLC
41 South High Street, Suite 2200
Columbus, OH 43215

*Attorney for Defendant McKesson Corporation*

**James B. Hadden**
**Joseph F. Murray**
**Brian K. Murphy**
MURRAY, MURPHY, MOUL & BASIL
1114 Dublin Road
Columbus, OH 43215

*Attorneys for Defendant Cardinal Health, Inc.*

**Mark W. Bernlohr**
**Sandra K. Zerrusen**
**Aaron E. McQueen**
**Andrew N. Schock**
JACKSON KELLY PLLC
50 South Main Street, Suite 201
Akron, OH 44308

**Robert A. Nicholas**
**Shannon E. McClure**
REED SMITH LLP
1717 Arch Street, Suite 3100
Philadelphia, PA 19103

**Alvin L. Emch**
JACKSON KELLY PLLC
500 Lee Street, East, Suite 1600
P.O. Box 553
Charleston, WV 25322

*Attorneys for Defendant AmerisourceBergen Drug Corporation*

**Thomas J. Hurney**
**Laurie K. Miller**
JACKSON KELLY PLLC
500 Lee Street East
Suite 1600
Charleston, WV 25322

**Richard H. Blake**
**Jennifer D. Armstrong**
MCDONALD HOPKINS LLC
600 Superior Avenue, East, Suite 2100
Cleveland, OH 44114

*Attorneys for Defendant Miami-Luken, Inc.*

**O. Judson Scheaf, III**
**Jordan D. Rauch**
HAHN LOESER & PARKS LLP
65 East State Street, Suite 1400
Columbus, Ohio 43215

*Attorneys for Defendant Russell Portenoy, M.D.*

**Greg Brunton**
**Tyler Tarney**
**Daniel Hyzak**
GORDON & REES LLP
41 South High Street, Suite 2495
Columbus, Ohio 43215

*Attorneys for Defendants Perry Fine, M.D., Scott Fishman, M.D., and Lynn Webster, M.D*

Dated: April 19, 2018

/s/ Carole S. Rendon
Carole S. Rendon
*Attorney for Defendants Endo Health Solutions Inc.
and Endo Pharmaceuticals Inc.*